# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN TAYLOR** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 1:20-cv-319-HSO-JCG |
| v. | ) |
| | ) |
| **HARRISON COUNTY, MISSISSIPPI,** | ) |
| **HARRISON COUNTY TAX** | ) |
| **ASSESSOR, PAULA LADNER,** | ) |
| **PAULA LADNER, INDIVIDUALLY** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT
## <u>JURY TRIAL DEMANDED</u>

COMES NOW the Plaintiff, BRIAN TAYLOR, by and through his counsel of record, Heidelberg Steinberger, P.A., and files this action to recover damages for violations of his rights under the Americans with Disabilities Act, Family and Medical Leave Act (FMLA), and Title VII of the Civil Rights Act of 1964 and also various state law claims against the Defendants, HARRISON COUNTY, MISSISSIPPI, HARRISON COUNTY TAX COLLECTOR, PAULA LADNER, and PAULA LADNER, INDIVIDUALLY, and in support thereof would respectfully show the Court as follows:

## PARTIES

1.  Plaintiff, BRIAN TAYLOR, is an adult resident citizen of Harrison County, Mississippi, who is a qualified individual as defined by the ADA and an eligible employee as defined by the FMLA.

2. Defendant HARRISON COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi and may be served with process through the Clerk of the Harrison County Board of Supervisors, John McAdams at 1801 23rd Ave., Gulfport, MS 39501.

3. Defendant PAULA LADNER, TAX ASSESSOR, is an elected official within the State of Mississippi and may be served with process at 1801 23rd Ave., Gulfport, MS 39501.

4. Defendant PAULA LADNER, Individually, is an adult resident citizen of Harrison County, Mississippi, who may be served with process at her residence 14291 Vidalia Rd., Pass Christian, MS 39571-8329, or wherever found.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction and venue is proper in this court because the practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

6. Plaintiff timely filed a charge of discrimination on June 30, 2020, with the EEOC, a true and correct copy of which is attached hereto as Exhibit "A." On August 5, 2020, the EEOC issued a dismissal and notice of rights. A true and correct copy of which is attached as Exhibit A. Plaintiff timely files this cause of action within 90 days of receipt of his dismissal and notice of rights.

## STATEMENT OF FACTS

7. At all times relative hereto, Mr. Taylor was a qualified individual with a disability under the ADA. He was also an eligible employee under the FMLA.

8. Each of the Defendants are covered entities as defined by the ADA and employers as defined by the FMLA and Title VII of the Civil Rights Act of 1964.

2

9. Mr. Taylor was hit by a car in July 1999 and suffered a traumatic brain injury. Despite this injury, he was able to return to work and was hired by the Harrison County Board of Supervisors, Tax Assessor's Office on August 13, 2007 as a Field Appraiser.

10. Mr. Taylor performed his job as Field Appraiser under the direct supervision of former Tax Assessor Tal Flurry from August 13, 2007 until December 31, 2019. Mr. Taylor was never disciplined and always received good performance evaluations.

11. In the 2019 General Election, Paula Ladner was elected Tax Assessor. Ms. Ladner previously worked with Mr. Taylor as Administrative Assistant to Tal Flurry from August 13, 2007 until December 31, 2019.

12. In the fall of 2019, Mr. Taylor began to experience medical issues related to his traumatic brain injury and underwent medical tests and treatment for a new diagnosis of post traumatic stress disorder and ADHD and continued his ongoing care for severe anxiety. At this time, Mr. Taylor had over 520 hours of accrued medical leave to which he was entitled. As Mr. Taylor's co-worker and purported friend, Paula Ladner was aware of these issues.

13. On or about January 3, 2020, Ms. Ladner eavesdropped on a conversation between Tommy McAdams and Mr. Taylor. Mr. Taylor told Mr. McAdams he would no longer be doing personal work for Ms. Ladner during his Harrison County work time, as he had been instructed to do and had done so for Ms. Ladner prior to her election.

14. Subsequently, Ms. Ladner confronted Mr. Taylor and claimed he was exhibiting significant problems at work with lower field productivity, poor concentration and difficulty completing tasks, all of which were a symptom of the medical condition for which he was undergoing treatment. Although she had full knowledge of Mr. Taylor's disability and present

3

medical needs, Ms. Ladner failed to engage in the interactive process to determine if there were any reasonable accommodations that would allow Mr. Taylor to perform the essential functions of his field appraiser job.

15. On or about January 8, 2020, with full knowledge of his disability and ongoing medical needs, and in an effort to harass and discriminate against him on the basis of his disability and otherwise to retaliate against him, Ms. Ladner unilaterally moved Mr. Taylor out of his field job of 13 years into an open office setting, full-time. In doing so, Ms. Ladner told Mr. Taylor he should be glad to have a job.

16. Although she had full knowledge of Mr. Taylor's disability and present medical needs, Ms. Ladner failed to engage in the interactive process to determine if there were any reasonable accommodations that would allow Mr. Taylor to perform the essential functions of his new position.

17. Ms. Ladner also failed to advise Mr. Taylor he was eligible to take FMLA leave to care for his serious health condition. Instead, Ms. Ladner began harassing Mr. Taylor by watching his every move and looking for an infraction to act upon in order to terminate Mr. Taylor because of his disability.

18. On January 17, 2020, without any explanation, Ms. Ladner terminated Mr. Taylor's employment.

19. After he was terminated, Mr. Taylor filed for unemployment benefits. It was during the course of the unemployment proceedings that Mr. Taylor first learned Harrison County and Paula Ladner claimed Mr. Taylor was terminated for being away from his work station without permission.

20. The Harrison County Tax Assessor's policy manual provides a progressive disciplinary action plan utilized prior to termination. Ms. Ladner violated policy by failing to follow the progressive disciplinary action plan. Ms. Ladner also violated policy by failing to advise Mr. Taylor in writing of the alleged reason for his termination.

21. Harrison County and Paula Ladner treated similarly situated female employees more favorably with regard to job assignments, discipline and termination.

22. Mr. Taylor attempted to appeal his termination. Ms. Ladner denied his request to reconsider his termination.

## COUNT ONE:

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 22 above as fully incorporated herein.

24. Defendants unlawfully terminated Mr. Taylor on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112(a).

25. Defendants unlawfully harassed Mr. Taylor on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112(a).

26. Defendants unlawfully failed to make reasonable accommodations to the known physical and/or mental limitations of Mr. Taylor in violation of the ADA, 42 U.S.C. § 12112(a).

27. The effect of the employment practices complained of herein has been to deprive Mr. Taylor of equal employment opportunities and has otherwise adversely affected his status as an employee because of his disability.

28. The unlawful employment practices complained of herein were intentional.

29. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Mr. Taylor.

30. As a direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered damages, including but not limited to, lost wages, benefits and other compensation, compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience and mental anguish.

## COUNT TWO:

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

31. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 30 above as fully incorporated herein.

32. Defendants unlawfully interfered with Mr. Taylor's rights under the FMLA by denying him leave to care for his serious health condition in violation of 29 U.S.C. § 2615.

33. Defendants unlawfully interfered with Mr. Taylor's rights under the FMLA by retaliating against him for invoking his rights under the FMLA in violation of 29 U.S.C. § 2615.

34. As a direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered damages, including but not limited to, lost wages, benefits and other compensation.

## COUNT THREE:

### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT

35. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 34 above as fully incorporated herein.

36. Defendants unlawfully discriminated against Mr. Taylor on the basis of his sex in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

37. As a direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered damages, including but not limited to, lost wages, benefits and other compensation, compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience and mental anguish.

## SUPPLEMENTAL JURISDICTION

## COUNT FOUR:

## DISCHARGE IN VIOLATION OF PUBLIC POLICY

38. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 37 above as fully incorporated herein.

39. Plaintiff would show that Paula Ladner harassed and terminated him for refusing to engage in the illegal activity of doing personal work for her on Harrison County time.

40. Each of the Defendants are liable to Plaintiff for discharge and violation of the public policy of the state of Mississippi pursuant to *McArn vs. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603 (Miss. 1993) for terminating Taylor because:

   a. Taylor reported illegal activity of Paula Ladner; and

   b. Taylor refused to participate in the illegal activity requested by Paula Ladner.

## COUNT FIVE:

## MALICIOUS INTERFERENCE WITH EMPLOYMENT

41. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 40 above as fully incorporated herein.

42. In addition, Paula Ladner in her official and individual capacities is liable for the tort of malicious interference with employment by causing the Harrison County Tax Assessor's office and Harrison County, Mississippi to terminate Taylor in bad faith.

## COUNT SIX:

## INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff realleges and incorporates all averments set forth in Paragraphs 1 through 42 above as fully incorporated herein.

44. All Defendants are liable to Plaintiff for the torts of intentional and negligent infliction of mental and emotional distress.

45. Defendants created, fostered, and allowed a hostile work environment for Taylor which caused substantial stress, mental anxiety, and emotional distress.

46. Paula Ladner intentionally and negligently inflicted emotional distress upon Mr. Taylor by systematically discriminating against him, harassing him, failing to follow the rules and procedures of the Harrison County Tax Assessor's office, and terminating him in violation of the public policy of Mississippi.

## COUNT SEVEN:

## DAMAGES

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRIAN TAYLOR, respectfully prays that upon a hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined the jury:

1. Reinstatement and promotion or front pay in lieu of reinstatement;

2. Back pay;

3. Lost benefits;

4. Compensatory damages;

5. Pre-judgment and post-judgment interest;

6. A tax gross-up and all make whole relief;

7. Liquidated damages;

8. Punitive damages;

9. Attorney's fees;

10. Costs and expenses; and

11. Any other relief to which he may be properly entitled under the ADA, FMLA, Title VII of the Civil Rights Act of 1964, or the laws of the State of Mississippi.

Respectfully submitted, this the 8 day of October, 2020.

BRIAN TAYLOR

BY: _____
STACIE E. ZORN (MSB NO. 101225)
Heidelberg Steinberger, P.A.
711 Delmas Avenue
Pascagoula, MS 39567
Telephone: (228) 762-8021
Facsimile: (228) 762-7589
Email: szorn@hs-lawfirm.com